UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X

ELVIS BYRD,

                         Plaintiff,    **COMPLAINT**

           -against-

                                  **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK; NYPD P.O. BARREIRO
TAX ID NO. 950050; P.O. JOHN/JANE DOES
#1-10; the individual defendant(s) sued
individually and in their official
capacities,

                            Defendants.

----------------------------------------- X

## PRELIMINARY STATEMENT

1.   This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of his rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise from an incident that took place on February 10, 2015.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, unlawful search and seizure, excessive force, false arrest, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom, and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages

from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2.    Within 90 days of the conclusion of the incidents alleged in this complaint, plaintiff served upon defendant City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

3.    More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.    Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

5.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and Richmond County is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

6.    Plaintiff Elvis Byrd is an African American male, who is a resident of the State of New York, Richmond County.

7.    At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8.    At all times alleged herein, defendants NYPD P.O. G. Barreiro Tax ID No, 950050, and P.O. John/Jane Does #1-10 were New York City Police Officers employed with the 121st Precinct, located in Richmond County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9.    The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10.    On February 10, 2015 at and in the vicinity of 53 Maple Parkway, Richmond County, Staten Island, New York, and the 121st Precinct, Staten Island, New York, several police officers operating from the 121st Precinct, including, upon information and belief, defendants NYPD P.O. Barreiro and P.O. John/Jane Does #1-10, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

11.   On February 10, 2015, at approximately 11:00 p.m., at and in the vicinity of 53 Maple Parkway, Richmond County, Staten Island New York, NYPD P.O. Barreiro and P.O. John/Jane Does #1-10, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, committed excessive force upon and unlawfully arrested plaintiff.

12.   Plaintiff was driving his car, and was attempting to park his car, when a black car, with no lights on, came driving down the wrong side of the street and stopped directly in front of plaintiff's car.

13.   Plaintiff opened his car door and stood up to see what was going on.

14.   Plaintiff was standing between his open driver side door and the frame of his car.

15.   The passenger opener the door of the black car, and told plaintiff "to get the fuck back in the car" or words to that effect.

16.   The passenger of the black car was wearing plain clothes, did not display a badge, but was defendant NYPD P.O. Barreiro.

17.   P.O. Barreiro got out of his car and walked toward plaintiff, and then pushed plaintiff.

4

18.   P.O. Barreiro slammed the car door into plaintiff's shoulder.

19.   P.O. Barreiro then asked plaintiff for his identification, and plaintiff complied.

20.   P.O. John Doe # 1, who was also in plain clothes, walked over to plaintiff.

21.   P.O. John Doe # 1 approached plaintiff and said there was a spoon with heroin on the ground.

22.   P.O. Barreiro and P.O. John Doe #1 then grabbed plaintiff, and ordered plaintiff to place his hands behind his back and placed plaintiff in handcuffs and walked him to the back of his vehicle.

23.   P.O. Barreiro and P.O. John Doe #1 searched plaintiff and found no evidence of weapons, contraband, narcotics, or illegal activity on his person.

24.   P.O. John Does # 2, 3 and 4, arrived in marked police vehicles.

25.   P.O. John Does # 2, 3 and 4 were in uniform and grabbed plaintiff's arms and shoulders and held him against his car.

26.   P.O. Barreiro and P.O. John Doe # 1 searched plaintiff's car and found no evidence of weapons, contraband, narcotics, or illegal activity in the car.

27.   Plaintiff was in pain and requested that P.O. John Does 2, 3, and 4 adjust the handcuffs, and the officers laughed and told plaintiff "that this is not the movies" or words to that effect.

28.   After searching the vehicle, P.O. Barreiro and P.O. John Doe # 1 took plaintiff's prescription pills Warfarin.

29.   They told plaintiff that they were going to test the spoon and his pills for narcotics.

30.   P.O. Barreiro and P.O. John Does # 1 walked away from plaintiff's vehicle and walked over to one of the marked police vehicles.

31.   P.O. Barreiro and John Doe # 1, walked back over to plaintiff.

32.   In order to cover up their illegal actions, the defendant officers issued plaintiff a ticket for disorderly conduct.

33.   The defendants made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime.

34.   The defendants made these false allegations to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

35.   Because there was no basis to arrest or prosecute plaintiff, the case against him terminated in his favor, when

all charges against him were dismissed or the Richmond County District Attorney declined to prosecute plaintiff.

36.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

37.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

38.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

39.   The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

40.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological

pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

41.  Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

42.  Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

43.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44.  Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

45.  Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

46.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

48.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

### THIRD CLAIM

#### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

49.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

51.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

#### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

52.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

54.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

55.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56.   The individual defendants' use of force upon plaintiff was objectively unreasonable.

57.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

58.   Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

59.   Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

60.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61.   Among other things as described above, defendants' search and seizure, battery, false arrest, and

excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

62.   Accordingly, defendants are liable to plaintiff under New York State Law for assault.

### SEVENTH CLAIM

#### (BATTERY)

63.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

64.   Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

65.   Accordingly, defendants are liable to plaintiff under New York State Law for battery.

### EIGHTH CLAIM

#### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES)

66.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67.   Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD and its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto,

11

specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its police officers.

## NINTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

68.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

70.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

71.   The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

## TENTH CLAIM

### (NEGLIGENCE AND GROSS NEGLIGENCE)

72.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

## ELEVENTH CLAIM

### (DELIBERATE INDIFFERENCE)

74.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

75.   The defendants are liable to plaintiff because they ignored plaintiff's request for medical treatment for a serious medical need and/or injury, and the harm occasioned by such acts is redressable under the Fifth, Eighth, and the Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

## TWELTH CLAIM

### (FAILURE TO INTERVENE)

76.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

77.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

78.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## THIRTEENTH CLAIM

### (MONELL CLAIM)

79.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

80.  Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

81.  Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

82.  Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

83.  Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise,

discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

84. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

85. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

86. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault, and domestic violence. In fact, former NYPD Commissioner Bernard

Kerik was convicted of corruption-related crimes in federal and state courts and served time in federal prison.  In 2011, Brooklyn South Narcotics Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence.  In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments.  In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

87.   The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

88.   The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

89.  The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

### FOURTEENTH CLAIM

### (RESPONDEAT SUPERIOR)

90.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

91.  The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including assaulting, and battering plaintiff.

92.  The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

```
DATED:     New York, New York
           February 8, 2016
```

```
                              ADAMS & COMMISSIONG LLP,
                              Attorney for Plaintiff
                              65 Broadway Suite 715
                              New York, New York 10006
                              212-430-6590
                              martin@amcmlaw.com
                              By:


                              _____
                              MARTIN E. ADAMS, ESQ.
```